# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| MONTAUK U.S.A., LLC, | : | |
| Plaintiff, | : | |
| v. | : | CIVIL ACTION |
| | : | FILE NO. 1:14-mi-99999 |
| 148 SOUTH EMERSON ASSOCIATES, LLC, | : | |
| MICHAEL MEYER, | : | |
| MICHAEL MEAGHER, and | : | |
| STEPHEN SMITH, | : | |
| Defendants. | : | |

## COMPLAINT FOR DECLARATORY JUDGMENT
## AND RELIEF PURSUANT TO 15 U.S.C. § 1125

COMES NOW, Montauk U.S.A., LLC, a Georgia limited liability company, (hereinafter, "Plaintiff" or "MUSA"), and files this, its Complaint for declaratory judgment, and respectfully shows this Court the following:

### NATURE OF THE ACTION

1.

Plaintiff seeks declaratory judgment: (1) that it did not procure any fraud upon the USPTO when registering the trademarks referenced herein; (2) of non-infringement of certain trademarks the Defendants claim an

interest; and (3) that any alleged trademark rights asserted by Defendants are invalid and unenforceable.

2.

By and through counsel Michael Burrows in a letter dated October 17, 2014, Defendants 148 South Emerson Associates, LLC and Michael Meyer asserted that they have standing to bring a cancellation proceedings before the Trademark Trial and Appeal Board ("TTAB") of the United States Patent and Trademark Office ("USPTO") to cancel two of Plaintiff's federally registered trademarks on the basis those marks "were obtained by knowing, deliberate, and intentional fraud upon the USPTO," and an alleged "likelihood of confusion."  See **Exhibit A**, attached hereto.  Plaintiff denies any fraud was committed in the prosecution of its trademarks and further denies it has infringed on any trademark rights allegedly owned by Defendant 148 South Emerson Associates, LLC.

3.

On November 20, 2014, colleagues of Mr. Burrows, Daniel I. Scloss and Melissa Burger, initiated a Combined Petition to Cancel the aforementioned two trademarks before the TTAB.  See **Exhibit B**, attached hereto.

4.

The contentions contained in the correspondence from Mr. Burrows and the allegations contained in the TTAB Complaint are wholly without merit and completely frivolous, as each of the individual Defendants were put on notice from counsel on <u>June 1, 2011</u> that the trademarks now complained about were being filed on behalf of <u>Montauk U.S.A., LLC</u> and that because the application was being filed on behalf of <u>Montauk U.S.A., LLC</u>, that the trademarks:

> **could not be assigned or transferred to another entity 1) until proof that the mark is in use has been filed with the Trademark Office or 2) if the other entity buys that portion of Montauk U.S.A.'s business relating to the operation of THE SLOPPY TUNA.**

See **Exhibit C**, attached hereto.

No such assignment or transfer of interest was ever effectuated to diminish Plaintiff's ownership of its federally registered trademarks.

## THE PARTIES

5.

Plaintiff has its principal place of business in Towaco, New Jersey.

6.

Defendant 148 South Emerson Associates, LLC ("Associates") is a New York limited liability company with its principal place of business in New York.

7.

Defendant Michael Meyer ("Meyer") is a resident of New York, whose last known place of residence is 150 East 72nd Street, #4E, New York, New York 10021.

8.

Respondent Michael Jefferson Meagher ("Meagher") is a resident of New York, whose last known place of residence is 130 East 67th Street, New York, New York.

9.

Respondent Stephen Corcoran Smith ("Smith") is a resident of Florida, whose last known place of residence is 122 Kings Road, Palm Beach, Florida 33480.

**JURISDICTION AND VENUE**

10.

This is an action for declaratory judgment arising under: the Trademark Laws of the United States, 15 U.S.C. § 1051, *et. seq.* (the "Trademark Act"); (ii) 15 U.S.C. § 1125, *et. seq.* (the "Lanham Act"); and (iii) 28 U.S.C. §§ 2201 and 2202 (the "Declaratory Judgment Act"). Thus, this Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 and 1338.

11.

Venue is proper in this Court under 28 U.S.C. § 1391 since a substantial part of the events or omissions giving rise to the claims occurred, or a substantial part of property that is the subject of the action is situated in this judicial district. In addition, Plaintiff and Defendant Associates entered into a License Agreement in which they agreed that exclusive jurisdiction and venue for resolution of all disputes shall be in Fulton County, Georgia. See **Exhibit D**, attached hereto.

## FACTUAL BACKGROUND

12.

Plaintiff was organized on August 6, 2010. The sole member and owner of Plaintiff since inception was, and is, Drew Doscher.

13.

Plaintiff began to federally register certain trademarks with the USPTO for use in the restaurant and bar business and for clothing, the first of which being SLOPPY TUNA'S on March 18, 2011; Serial No. 85270375.

14.

Thereafter, Plaintiff filed and registered a variety of trademarks with the USPTO, which are the subject of a written license agreement between

Plaintiff and Associates (the "Trademarks").  The list of Plaintiff's Trademarks licensed from Plaintiff to Associates includes the following:

| Mark | Registration | Registration Date |
|---|---|---|
| SLOPPY LOGO | 4102495 | February 21, 2012 |
| SLOPPY GUY | 4134497 | May 1, 2012 |
| SLOPPY POPPY | 4184289 | July 31, 2012 |
| GET YOUR SLOPPY ON | 4195785 | August 21, 2012 |
| SLOPOLOGY | 4195786 | August 21, 2012 |
| THE SLOPPY TUNA | 422772 | October 9, 2012 |
| MONTUNA | 85372168 | Serial Number |
| 99 PROBLEMS AND A BEACH AINT ONE | 85888296 | Serial Number |
| MONTICK | 85957697 | Serial Number |
| WHEN IT RAINS WE POUR | 86037062 | Serial Number |

15.

Since Associates was formed on March 8, 2011, no written operating agreement was ever executed.  The purpose of Associates was to operate a restaurant and bar in Montauk, New York.  Initially, Associates was owned

6

by Mr. Doscher and Defendants Meyer, Smith, and Meagher on an equal 25% basis.  Currently, Associates is owned by Mr. Doscher and Defendant Meyer on an 50-50 basis.

16.

Also formed on March 8, 2011, but with a written operating agreement, was 148 South Emerson Partners, LLC ("Partners").  The purpose of Partners was to own the land on which the Associates restaurant and bar would operate.  Similarly, Partners was initially owned by Mr. Doscher and Defendants Meyer, Smith, and Meagher on an equal 25% basis.

17.

The current ownership of Partners is in dispute, as Mr. Doscher contends that in the summer of 2012 Defendants Meagher and Smith each agreed to relinquish their interests in Partners, and thereafter received $230,000 in partial payment thereto on December 10, 2012.  While Mr. Doscher contends he and Defendant Meyer are the sole owners of Partners on a 50-50 basis, presently Defendants Meyer, Meagher, and Smith all contend they remain 25% owners each.  On information and belief, this position was taken after Defendants Meyer, Meagher, and Smith orchestrated the termination of Mr. Doscher's employment at the former Wall Street firm The Seaport Group, LLC on January 11, 2013.  The dispute

regarding the ownership of Partners is the subject of litigation in Suffolk County, New York (attached as Exhibit D to the TTAB Combined Petition to Cancel), and is not germane to this dispute other than it evidences the propensity of Defendants Meyer, Meagher, and Smith to alter their positions when they find it suits them.  The dispute regarding Mr. Doscher's former employment at The Seaport Group, LLC is the subject of a FINRA Arbitration, Case No. 13-01857 (the "FINRA Proceeding").

18.

The October 17, 2014 letter from Mr. Burrows and the TTAB Combined Petition to Cancel assert unsupportable claims of impropriety and fraud.  It was only after the initiation of the FINRA Proceeding did Defendant Meyer feign ignorance of Plaintiff's ownership of the trademarks at issue herein.  Given Defendants Meagher and Smith's propensity to exhibit a lack of veracity, particularly under oath, Plaintiff seeks a declaratory judgment against them as well in order to "buy its peace."

19.

There presently exists a justiciable controversy regarding Plaintiff's ownership of the Trademarks, whether its conduct constitutes an infringement of any trademark rights allegedly owned by Associates, and

8

whether Defendants Meyer, Meagher, and Smith have any legal or equitable interest in the Trademarks.

## COUNT I
## Validity of Ownership of the Trademarks

20.

Plaintiff incorporates Paragraphs 1 through 19 of this Complaint by reference, with the same force and effect as if fully set forth herein.

21.

This is a declaratory judgment action under the Trademark Act, the Lanham Act, and the Declaratory Judgment Act.  As an actual justiciable controversy exists through the threats from counsel Michael Burrows and the initiation of the TTAB Combined Petition to Cancel, Plaintiff seeks relief from this Court.

22.

Plaintiff requests an order declaring that it is the lawful owner of the Trademarks, and that Defendant Associates rights in the Trademarks derive solely from the license agreement between Plaintiff and Associates, and that Plaintiff is not infringing, has not infringed, and is not liable for infringing any trademark rights allegedly owned by Associates.

23.

In addition, that Defendants Meyer, Meagher, and Smith have no legal or equitable interest in the Trademarks.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for the following relief:

a. that summons and process issue in terms of law;

b. that the Court enter an Order declaring Plaintiff is the lawful owner of the Trademarks, and that Defendant Associates rights in the Trademarks derive solely from the license agreement between Plaintiff and Associates, and that Plaintiff is not infringing, has not infringed, and is not liable for infringing any trademark rights allegedly owned by Associates;

c. that the Court enter an Order that Defendants Meyer, Meagher, and Smith have no legal or equitable interest in the Trademarks;

d. that Plaintiff be awarded its reasonable attorney's fees and expenses with bringing this action;

e. all costs of this action be cast against Defendants;  and

f. that Plaintiff be granted such other and further relief as this Court may deem just and proper.

This 23rd day of December, 2014.

                                       **MEROLLA & GOLD, LLP**

                                       /s/ A. Todd Merolla
                                    A. TODD MEROLLA
                                    Georgia State Bar No. 502570
                                    JAMES S. SCHELL
                                    Georgia State Bar No. 527077
                                    Attorneys for Plaintiff

75 14th Street, Suite 2130
Atlanta, Georgia 30309
404-888-3772 (o)
404-888-3737 (f)
atm@merollagold.com
jss@merollagold.com

11