**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
MONTAUK U.S.A., LLC and MARK HOROWITZ,

                              Plaintiff,                                 **ORDER**

                -against-                                  CV 17-4747 (SJF) (AKT)

148 SOUTH EMERSON ASSOCIATES, LLC and
MICHAEL MEYER,

                              Defendants.
-----------------------------------------------------------------X
**A. KATHLEEN TOMLINSON, Magistrate Judge:**

      The Court has reviewed Plaintiff's letter motion for reconsideration or clarification filed at DE 168. In that motion, Plaintiff "(1) seeks clarification confirming that the Court's January 17, 2019 Order [Dkt # 166] (the "Order") finds Michael Meyer's deposition testimony to be binding on Associates, and (2) to the extent the Order does not bind Associates to Meyer's deposition testimony, moves for reconsideration of the Order pursuant to Local Civil Rule 6.3, because the Order overlooks the allegations raised in Associates' affirmative Counterclaims [Dkt # 134], on which Plaintiff is entitled to testimony that will bind the entity." DE 168 at 1. For the reasons set forth below, Plaintiff's motion is DENIED.

      The scope of the Order for which Plaintiff seeks clarification or reconsideration was limited to the issues briefed by the parties in the motion to compel Associates to designate a Rule 30(b)(6) witness [DE 158] and the opposition to that motion [DE 162]. The Order is unambiguous – Associates would not be directed to designate a Rule 30(b)(6) deponent. Neither the filings at DE 158 and 162, nor the Court's Order addressing those filings, squarely address whether the testimony of Meyer should be binding on Associates in the absence of a Rule

30(b)(6) deponent. Because the relief Plaintiff seeks is beyond the scope of the Court's Order, there is nothing for the Court to "clarify" with respect to this relief.

Similarly, a motion for reconsideration is not appropriate in these circumstances. "In deciding a motion for reconsideration pursuant to Local Civil Rule 6.3 . . . [t]he moving party is required to demonstrate that the Court overlooked the controlling decisions or factual matters that were put before the Court in the underlying motion." *Senisi v. John Wiley & Sons, Inc.*, No. 13-CV-3314, 2016 WL 1045560, at *1 (S.D.N.Y. Mar. 15, 2016) (citing *Weber v. Multimedia Entertainment, Inc.*, No. 97-CV-682, 2000 WL 724003, at *1 (S.D.N.Y. June 5, 2000). "A motion for reconsideration can [also] be granted if . . . there is a need to correct a clear error or prevent manifest injustice." *Senisi*, 2016 WL 1045560, at*1 (quoting *Stone v. 866 3rd Next Generation Hotel, LLC*, No. 99-CV-4780, 2002 WL 655591, at *1 (S.D.N.Y. Apr. 19, 2002)); *see Hughes v. Town of Bethlehem*, No. 10-CV-1489, 2013 WL 12142312, at *1 (N.D.N.Y. June 10, 2013) ("A motion for reconsideration 'will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). Because the relief Plaintiff seeks is beyond the scope of the Court's Order, a motion for reconsideration is not the appropriate vehicle to obtain such relief. Moreover, to the extent Plaintiff's counsel perceived its filing to be a motion for reconsideration under Local Civil Rule 6.3, the submission fails to conform to the requirements of that rule. *See* Loc. Civ. R. 6.1 ("There shall be served with the notice of motion a memorandum setting forth concisely the matters or controlling decisions which counsel believes the Court has overlooked.").

For these reasons, Plaintiff's motion for clarification or reconsideration is DENIED. Plaintiff is free to address the issue of Michael Meyer's testimony in the appropriate manner provided by the Federal Rules.

**SO ORDERED.**

Dated: Central Islip, New York
February 27, 2019

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
United States Magistrate Judge