# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------X
MONTAUK U.S.A., LLC and MARK HOROWITZ,

                              Plaintiff,                         **ORDER**

                -against-                              CV 17-4747 (SJF) (AKT)

148 SOUTH EMERSON ASSOCIATES, LLC and
MICHAEL MEYER,

                            Defendants.
---------------------------------------------------------------X

**A. KATHLEEN TOMLINSON, U.S. Magistrate Judge:**

       This Order addresses the motion filed by Plaintiff Montauk U.S.A., LLC ("Montauk") which seeks an Order finding that the testimony of Defendant Michael Meyer is binding on the corporate Defendant, 148 South Emerson Associates, LLC ("Associates"), in lieu of Associates' production of a Rule 30(b)(6) deponent. *See* DE 176. This Court had previously denied Plaintiff's motion to "force Associates to designate a Rule 30(b)(6) deponent." Alternatively, Montauk seeks an Order compelling Associates to produce a Rule 30(b)(6) deponent. *See id*. Before addressing Montauk's motion, the Court finds it necessary to review some of the recent procedural history of this highly contentious trademark action. The Court assumes the parties' familiarity with the underlying facts of the case.

       The Court met with counsel for the parties in this matter on December 19, 2018 to address, among other things, Defendants' motion for a protective order precluding certain discovery [DE 144]. *See* DE 161. At that conference, the Court read into the record its decision granting Defendants' motion for a protective order. The day prior to the December 19, 2018 conference, counsel for Montauk filed a letter motion seeking an order compelling Associates, among other things, to designate a Rule 30(b)(6) deponent for examination. *See* DE 158. After

hearing briefly from both sides during the conference regarding the application, the Court granted the request of Defendants' counsel to have an opportunity to respond to the motion in writing. *See* DE 161. On December 28, 2018, Defendants filed a response to Montauk's motion to compel, arguing that Associates should not be compelled to designate a Rule 30(b)(6) deponent because (1) Associates is owned solely by Michael Meyer ("Meyer") and Drew Doscher ("Doscher"), each with 50% interest in the company, (2) Doscher owns 100% of Montauk, and (3) Meyer was allegedly excluded by Doscher from the management of Associates from approximately 2013 onward. *See* DE 162. To produce a Rule 30(b)(6) witness under such circumstances, Defendants argued, would require Associates to designate either Doscher – who has an inherent conflict of interest with Associates given his sole ownership of the entity suing Associates – or, alternatively, Meyer, who lacks inherent knowledge of the operations because of his exclusion at the hands of Doscher. *See id.*

On January 17, 2019, the Court issued an Order denying Plaintiffs' motion to compel Associates to designate a Rule 30(b)(6) deponent. *See* DE 166. In that Order, the Court stated:

> Given the unique posture of this case, most notably the inherent conflict of interest between Doscher as sole owner of Plaintiff Montauk U.S.A., LLC, and Defendant Associates, co-owned by Doscher and [Meyer],[1] the Court finds that it would be impractical for Associates at best – and unduly prejudicial to Associates at worst – to force Associates to designate a Rule 30(b)(6) deponent here. Given these circumstances, it appears there is a strong likelihood that neither Doscher (who is inherently conflicted with Associates) nor [Meyer] (who is alleged to lack information as to significant portions of Associates' operations) would be able to accurately testify on behalf of Associates.

*Id.* at 2-3. On January 24, 2019, Montauk filed a motion for clarification or reconsideration of the Court's January 17 Order. *See* DE 168. Montauk's motion requested that the Court either

---

[1] In its Order the Court inadvertently referred to "Meyer" as "Meagher."

2

confirm that under the January 17 Order, Meyer's deposition testimony is binding on Associates, or, to the extent the Order held that Meyer's deposition testimony is not binding on Associates, reconsider the Order and rule that the testimony is binding. *See* DE 168. Defendants opposed this application. *See* DE 169. On February 27, 2019, this Court issued an Order denying Montauk's motion for clarification or reconsideration, finding that the relief it requested was beyond the scope of the Court's January 17, 2019 Order. *See* DE 175. The Court stated that Montauk was "free to address the issue of Michael Meyer's testimony in the appropriate manner provided by the Federal Rules." *Id*. at 3.

On March 4, 2019, Montauk filed its motion to "bind Associates to Meyer's prior deposition testimony in lieu of 30(b)(6) testimony or require Associates to produce a proper witness to articulate the basis for its Counterclaims." DE 176 at 3. Defendants oppose the motion. *See* DE 177. For the reasons set forth below, Montauk's motion is DENIED.

Montauk argues that Meyer's deposition testimony should be binding because the Court has already "found" that Meyer has "knowledge of Associates' operations" and has "already been deposed." DE 176 (quoting the January 17, 2019 Order at 3). As an initial matter, the Court points out that Montauk mischaracterizes the Court's January 17 Order. That Order stated, in relevant part, that "[i]n light of the fact that the only two individuals who have knowledge of Associates' operations are available for deposition, and to the Court's understanding have already been deposed, there is little if any risk of unduly prejudicing Plaintiffs in this situation." DE 166 at 3. The Court here did *not* make a finding that Meyer in fact possesses relevant information about Associates' operations. To the contrary, the previous paragraph of the Order makes clear that, in the Court's view, Meyer likely lacks relevant information about Associates' operations owing to his alleged exclusion at the hands of Doscher. Indeed, this reasoning was

3

the primary basis for the Court's denial of Montauk's motion to compel production of a Rule 30(b)(6) deponent. The language in the Order to which Montauk refers was only meant to convey the point that, in light of Associates' organization as a closely-held LLC owned 50/50 by Doscher and Meyer, Doscher and Meyer are the only two individuals who could *potentially* have direct knowledge of Associates' operations for purposes of a Rule 30(b)(6) deposition.

The Court now expands upon the reasoning which provided the basis for the denial of Montauk's initial motion to compel designation of a Rule 30(b)(6) deponent – *i.e.*, that Meyer lacked sufficient knowledge of Associates' operations to testify on its behalf. In the Court's view, this reasoning also precludes the Court from allowing Meyer's individual deposition testimony to bind Associates.

Based on the information available, the Court previously concluded that Meyer lacks the information Montauk seeks with respect to Associates. Montauk seeks to bind Associates for the purposes of "ascertain[ing] the basis for the [counterclaims] that Associates asserts against [Doscher]." DE 176 at 3. The allegations underlying Defendants' counterclaims concern Doscher and Montauk's alleged fraudulent representations between 2010 and 2012 in connection with the multiple trademark registrations at the heart of this case. *See generally* Defendants' Counterclaims [DE 134]. However, Montauk's own pleadings make clear that Doscher was practically in exclusive control of Associates during the time relevant to Defendants' counterclaims. In its operative pleading, Montauk states that Associates was created "for the purposes of operating the restaurant and bar (the 'Montauk Restaurant')," Second Amended Complaint ("SAC") [DE 130] ¶ 15, and "Doscher was the most involved member in terms of actually [ ] operating the Montauk Restaurant. The other Investors played a much more limited role, each only visiting the Montauk Restaurant a handful of times. Doscher, in contrast,

4

personally oversaw supervision of the Montauk Restaurant's day-to-day operation." *Id*. ¶¶ 22-23. Notwithstanding commencement of the receivership action, "Doscher remained in control of the operations of Associates" up until March 16, 2016. *Id*. ¶¶ 31, 33. Montauk avers that, "[a]lthough a receiver had been appointed, [Montauk] continued to allow Associates to use the Sloppy Tuna Marks throughout 2015 because Doscher remained the ultimate responsible person for the operations of Associates." *Id*. ¶ 32. Similarly, the Complaint in the now consolidated action (CV 16-2741) involving the same parties[2] confirms Doscher's near exclusive control of Associates and the Montauk Restaurant up until 2016: Montauk alleges that in 2014 "Doscher continued to manage the business of Associates . . . . Meyer was never seen at the premises the entire 2014 season." Complaint, CV 16-2741 ¶ 28. Notwithstanding appointment of the receiver for Associates in 2015, "Doscher remained in control of the operations of Associates throughout the 2015 season." *Id*. ¶ 29.

As the above allegations reflect – allegations largely posited by Montauk itself – Doscher maintained primary and nearly exclusive control of Associates and its operations up until the receiver exerted its authority in 2016. During this period, Meyer's involvement in Associates was effectively nominal. Based on these allegations, the Court credits Defendants' argument that Meyer does not possess sufficient personal knowledge of Associates' operations to properly testify on its behalf. This alone would not normally suffice to preclude Meyer from being designated as Associates' Rule 30(b)(6) deponent. It is well settled that "[i]f the persons designated by the corporation [for a Rule 30(b)(6) deposition] do not possess personal knowledge of the matters set out in the deposition notice, the corporation is obligated to prepare the designees so that they may give knowledgeable and binding answers for the corporation."

---

[2] This action was consolidated with CV 17-4747 on May 14, 2019.

*Travelers Prop. Cas. Co. of Am., LLC v. Daimler Trucks N. Am., LLC*, No. 14-CV-1889, 2015 WL 1728682, at *4 (S.D.N.Y. Apr. 14, 2015) (quoting *A.I .A, Holdings. S.A. v. Lehman Bros.*, No. 97-CV-4978, 2002 WL 1041356, at *2 (S.D.N.Y. May 23, 2002)); *Spanski Enterprises, Inc. v. Telewizja Polska, S.A.*, No. 07 CIV. 930, 2009 WL 3270794, at *3 (S.D.N.Y. Oct. 13, 2009) ("Rule 30(b)(6) deponents need not have personal knowledge concerning the matters set out in the deposition notice."). Unfortunately, there is very little case law or authoritative treatises on point as to how – and whether – to enforce this obligation where the only two owners, managers, and employees of the corporate entity whose Rule 30(b)(6) deposition is sought are also opposing parties[3] in the litigation.

Notwithstanding this lack of guidance, common sense dictates that there is no realistic way for Associates to designate a Rule 30(b)(6) deponent under the circumstances of this case. As Defendants point out in their opposition to Montauk's initial motion to have a Rule 30(b)(6) deponent designated,

> [i]f the 30(b)(6) designee were Doscher (to be examined by his own lawyers?), he would undoubtedly attempt to make admissions helpful to his own company, but prejudicial to Associates. . . . Meyer, on the other hand, is not qualified to be a 30(b )(6) witness in that he completely lacks knowledge due to his wrongful exclusion from the business by Doscher.

DE 162 at 2. The Court agreed with this argument and denied Montauk's motion to compel designation of a Rule 30(b)(6) deponent: Meyer lacks personal knowledge of Associates' operations and there is no way for Associates – *i.e.*, Doscher under these circumstances – to "prepare" Meyer for a Rule 30(b)(6) deposition where Doscher and Meyer are adversaries. It is the absence of personal knowledge and the lack of an appropriate way to "prepare" Meyer to

---

[3] Although Doscher is not a named plaintiff, he is the sole member and owner of Montauk, and their interests are aligned as a result. *See* SAC ¶ 3.

testify on behalf of the LLC which prevents this case from being amenable to the application of Rule 30(b)(6) and the binding effects of Rule 30(b)(6) testimony. Another way to think of this is that the conflict of interest at the heart of Associates' organizational structure effectively extinguishes any corporate identity or corporate interests independent of Doscher and Meyer individually. In such circumstances, a deposition intended to elicit "the position" of the entity is futile – none exists. *Cf. A.I.A. Holdings, S.A. v. Lehman Bros.*, No. 97 CIV. 4978, 2002 WL 1041356, at *2 (S.D.N.Y. May 23, 2002) (explaining that a Rule 30(b)(6) deponent's testimony "presents the corporation's 'position'" on a given topic).

The cases where courts have found individual testimony binding on corporate entities in lieu of production of a Rule 30(b)(6) witness further illustrate why the present circumstances do not lend themselves to such an arrangement. Specifically, in these cases the individuals whose testimony is deemed binding on the corporate entities are the same individuals who possess corporate knowledge and would have been proffered to testify as Rule 30(b)(6) deponents. *See, e.g.*, *Presse v. Morel*, No. 10 CIV. 2730, 2011 WL 5129716, at *1-*2 (S.D.N.Y. Oct. 28, 2011) ("Morel already deposed Amalvy and Fathers individually in May of this year, and now seeks Rule 30(b)(6) testimony on an array of issues concerning which they have already testified. AFP advises that if required to produce a 30(b)(6) witness on these topics, it would proffer Amalvy and Fathers. We decline to require such a wasteful procedure. In lieu of that duplication of effort, we adopt the suggestion of AFP that the deposition testimony that Messrs. Amalvy and Fathers gave in the Spring, in their individual capacities, be deemed also to constitute Rule 30(b)(6) testimony of AFP and hence binding on the company."); *see also Bank of America, N.A. v. New England Quality Service, Inc.*, No. 5:16-CV-83, 2017 WL 2955760, at *3 (D. Vt. July 10, 2017) ("[F]our BOA witnesses already have been deposed individually. It is not clear whether

their testimony represents the knowledge of BOA on the issues that they discussed. If it does, then BOA may elect to deem their testimony to constitute Rule 30(b)(6) testimony."). This is not the case with Meyer.

For the foregoing reasons, Montauk's motion for an Order (1) finding Meyer's individual deposition testimony to be binding on Associates, or, in the alternative, (2) compelling Associates to designate a Rule 30(b)(6) deponent, is DENIED.

**SO ORDERED.**

Dated: Central Islip, New York
      June 6, 2019

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
United States Magistrate Judge